JONATHAN HANGARTNER (SBN 196268)
X-PATENTS, APC
5670 La Jolla Blvd.
La Jolla, CA 92037
Telephone: 858-454-4313
Facsimile: 858-454-4314

DARLENE R. SEYMOUR (*pro hac vice*)
BRIAN J. MCGINNIS (*pro hac vice*)
Continental Enterprises
1292 E. 91st Street
Indianapolis, Indiana 46240
Telephone:
Facsimile:

Attorneys for Plaintiff
HECKLER & KOCH, INC.

DEBORAH YOON JONES (SBN 178127)
Debbie.Jones@Alston.com
JOANN M. WAKANA (SBN 232714)
Joann.Wakana@Alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100

LARRY C. JONES (*pro hac vice*)
JASON M. SNEED (*pro hac vice*)
THERESA CONDUAH (*pro hac vice*)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: 704-444-1000
Facsimile: 704-444-1111

Attorneys for Defendant,
G.I. TOYS, INC. dba AIRSOFT G.I.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECKLER & KOCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>G.I. TOYS, INC. dba AIRSOFT G.I.,<br><br>Defendant. | Case No.: CV 09-09138-CAS (VBKx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT. |

**GOOD CAUSE EXISTS FOR THIS ORDER:** This action involves claims of trade dress and trademark infringement by Plaintiff against Defendant, and counterclaims by Defendant that it does not infringe any right of Plaintiff and that Plaintiff does not have the trade dress or other rights it claims to own. In connection with these contentions and potentially in connection with other matters at issue, the parties anticipate obtaining discovery from each other and also several third-party entities, some of which are likely to be competitors of one of the parties. The parties also anticipate that some of the documents and information solicited in the discovery from each other or those third-parties may be particularly sensitive, confidential and proprietary in nature and relating, for example, to sales volumes pertaining to particular products, revenues generated by such sales, the sources of such goods, etc. Such non-public information and documents should be protected from unnecessary disclosure and require special protection from disclosure pursuant to Rule 26(c), F.R.Civ.P.

THUS, WHEREAS certain information, documents and things that contain confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands; and

WHEREAS, it would serve the interests of the parties and participating nonparties to conduct this proceeding and discovery herein under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. This order (the "Protective Order") shall apply to all information, documents and things designated CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY by the parties or nonparty witnesses as provided in this Protective Order.

2. As used herein "Confidential Information" is information concerning the business operations, processes, and technical and development information of a party or nonparty, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to another person or

to a Court. Such information includes, but is not limited to, any information, documents and things that contain confidential research, development, financial, technical, sales, or commercial information including, but not limited to, trade secrets. Information is not Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independently of this litigation.

3. All documents, things, discovery responses and other information furnished in pretrial discovery are provided by the parties and nonparties solely for the purpose of this litigation and may not be used for any other purpose.

4. Each affidavit or declaration or portion thereof, each deposition transcript or portion thereof, each discovery response or portion thereof, each document or portion thereof, each thing or portion thereof, which is deemed by a party or by a nonparty witness producing same to disclose Confidential Information will be so identified and labeled CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY as follows:

a. A party and/or nonparty witness may designate information or material CONFIDENTIAL only if it, in concurrence with its counsel, if it has counsel, in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure. A party and/or nonparty witness may designate information or material CONFIDENTIAL/ATTORNEYS' EYES ONLY only if it, in concurrence with its counsel, if it has counsel, in good faith deems that such disclosure should be further limited as required by this Protective Order.

b. In the case of information or material voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing entity may identify and mark Confidential Information at the time when an affidavit, pleading or memoranda is served, when a discovery response is served, when a copy of a document is provided, or at the time of the inspection of the premises or thing.

Alston & Bird LLP

     c.    In the case of a deposition transcript, the designating entity shall advise counsel of the specific pages and exhibits to be maintained in confidence within ten (10) business days after its actual receipt of the transcript. The entity asserting confidentiality shall mark the specific pages and exhibits so designated CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY and shall send a list and/or copy of such designated pages to the parties and the Court Reporter who shall conform all copies of the material in their possession to reflect such confidentiality designation and shall re-bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

     A party or nonparty deponent may also designate testimony or exhibits as Confidential Information during a deposition or other proceeding by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to Confidential Information pursuant to Paragraph 6 hereof shall be excluded from those portions of the proceeding at which such information is disclosed. In the event that testimony or exhibits are designated as Confidential Information during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

     5.    Inadvertent failure to designate Confidential Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any

Alston & Bird LLP

disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Protective Order.

6. Until and unless the Court rules that any material so identified as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY is not, in fact, confidential and should be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of information, documents and things so identified shall be limited to:

    a. Outside counsel of record and their partners, associates and of counsel attorneys, and outside counsel of record's employees who are not also employees of the parties or their affiliates, including stenographic, clerical and paralegal employees, whose functions require access to such Confidential Information;

    b. Independent experts or consultants for any party and their clerical personnel who are not employees of the parties or their affiliates and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action, provided that such persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order and provided, further, that each party shall keep a record of all Confidential Information that it discloses to any expert or consultant, and provided, further, that if any such person is, or is employed by, a direct competitor of the designating entity or is affiliated with any enterprise that is in a position to commercially exploit information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY (hereinafter an "Expert Competitor"), then the party seeking to disclose information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY to the Expert Competitor must deliver written notice to the designating entity of its desire to do so at least five (5) business days before making disclosure to the Expert Competitor. During this period, the recipient of such notice may object to the disclosure of all or any portion of the information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY to the Expert Competitor. In the event of such objection, the designating entity and the party seeking to disclose information to an

Alston & Bird LLP

Expert Competitor shall attempt in good faith to negotiate a stipulation to delineate what information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY may be disclosed to the particular Expert Competitor and the circumstances under which such disclosure may be made. If they cannot agree, the party seeking to disclose information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY to the Expert Competitor shall not do so without first obtaining Court approval pursuant to Paragraph 12 hereof. In determining whether to categorize a person as an Expert Competitor for purposes of this paragraph, counsel shall exercise reasonable judgment as to whether any enterprise with which such person is known to be affiliated is in a position to commercially exploit information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY;

    c.    The Court and its officers (including Court Reporters);

    d.    Witnesses for deposition and counsel for such witnesses in the course of a deposition or, following the issuance of a notice to take the deposition of a witness, in preparation for such witness's deposition; provided that, the party making such disclosure to a witness in preparation for the witness's deposition shall keep a record of the Confidential Information disclosed to such witness and provided, further, that in advance of the disclosure of information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY, the party seeking to disclose such information shall so inform the entity who designated the information as confidential and such designating entity shall be entitled to object to the disclosure, in which event they shall attempt in good faith to negotiate a stipulation to delineate what information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY may be disclosed to the particular witness and the circumstances under which such disclosure may be made. If the parties cannot agree, the party seeking to disclose the information marked CONFIDENTIAL/ATTORNEYS' EYES ONLY at or in preparation of a witness for a deposition shall not do so without first obtaining Court approval pursuant to Paragraph 12 hereof;

Alston &
Bird LLP

  e. The parties to this action and their affiliates, including their in-house counsel, except for documents and things marked by the producing party CONFIDENTIAL/ATTORNEYS' EYES ONLY; and

  f. Any other person that the parties hereto and, if appropriate, the designating nonparty, agree to in writing.

  Any person to whom disclosure will be made pursuant to Paragraphs 6(b), (d) or (f) of this Protective Order shall be given in advance a copy of this Protective Order and shall acknowledge that he or she is subject to the terms of this Protective Order by executing the recital in the form attached here as Exhibit A. Counsel for each party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 6(b), (d) or (f) to whom counsel has disclosed or exhibited any Confidential Information.

  7. Absent Court order, Confidential Information bearing a label specified in Paragraph 4 hereof shall not be made public by a party or witness to whom it is disclosed, unless it becomes a part of the public record of this action.

  8. No Confidential Information may be included in a document publicly filed with the Court (including documents filed electronically) unless the Court so orders. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that redacts any Confidential Information.

  9. This Protective Order shall not foreclose any of the parties or any interested member of the public from moving this Court for an order that materials bearing a label specified in Paragraph 4 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure or that Confidential Information designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY should be reclassified as CONFIDENTIAL only or that materials voluntarily disclosed by a party or nonparty in these proceedings should not be subject to the protections of this Protective Order. In addition to service on the parties, a copy of any such motion shall be served on any nonparty who designated the materials at issue as Confidential Information, and such nonparty shall have standing to oppose such motion before the Court. On such motion, the

Alston & Bird LLP

1. entity asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should be restricted. Nothing contained herein shall preclude a party or nonparty witness from (a) using or disseminating its own Confidential Information in any way; (b) disclosing information taken from a document marked CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information or which is, or at any time hereafter becomes, available to the public, or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this Protective Order with respect to any Confidential Information designated by it without further order of the Court.

10. This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief here or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

11. Subject to the limitations of this Protective Order, Confidential Information identified in accordance with Paragraph 4 hereto may be used during discovery, during any motion hearings, at the trial of this action, or in support of or in opposition to any motions in this action subject to the Federal Rules of Evidence and subject to any further order as this Court may enter, and may be used to prepare for discovery and/or trial and/or any motions in this action, but may not be used for any other purpose; provided, however, that those portions of such testimony, evidence and motion papers containing Confidential Information shall also be considered Confidential Information subject to the strictures of this Protective Order and must be filed with the Clerk of this Court in accordance with

Alston & Bird LLP

Paragraph 8 of this Protective Order. When Confidential Information or other documents containing such information are presented, quoted or referenced in any hearing, trial or other proceeding, counsel of record for the offering party shall make arrangements or, when appropriate, request that the Court make arrangements, to ensure that, consistent with applicable legal restraints, only persons entitled to receive Confidential Information are present during such presentation, quotation or reference.

12. In the event that a party shall desire to provide access to Confidential Information hereunder to any person or category of persons not included in Paragraph 6 hereof, it shall move this Court for an order that such person or category of persons may be given access to the Confidential Information. In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order.

13. After final termination of this case, receiving counsel shall return all copies and samples of Confidential Information in its possession, custody or control to the party or nonparty (or its counsel) who has provided them or certify destruction thereof.

14. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as Confidential Information shall be prepared or furnished by the reporter to any person other than to outside counsel of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information. If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with Paragraph 8 above.

15. Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work-product, and no party or nonparty witness shall be held to have waived any rights by such inadvertent production.

Alston & Bird LLP

1. The producing entity shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document or information to the producing entity. Such document or information shall not be introduced into evidence in this or any other proceeding by any person without consent of the producing entity or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

16. In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed person") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed person shall promptly notify the designating party or nonparty of the demand. If the designating party or nonparty elects to resist production of the materials, it shall promptly so notify the subpoenaed person and the latter shall cooperate in affording the designating party or nonparty the opportunity to oppose or limit production of the materials; provided that the designating party or nonparty shall bear all expenses, including attorneys' fees, incurred by the subpoenaed person in connection therewith.

17. This Protective Order shall survive the final determination of this action and shall remain in full force and effect, for a period of one year, after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

AGREED AND ENTRY REQUESTED:

Alston & Bird LLP

| | | |
|---|---|---|
| 1 | X-PATENTS, APC | ALSTON & BIRD LLP |
| 2 | | |
| 3 | By: s/ Jonathan Hangartner | By: s/ Theresa Conduah |
| 4 | JONATHAN HANGARTNER<br>Attorneys for Plaintiff | Theresa Conduah<br>Attorneys for Defendant |

SO ORDERED:

3/25/, 2010

Victor B. Kenton
United States Magistrate Judge
Central District of California

LEGAL02/31819909v1

- Parties will comply with 80785
- Confidentiality of information utilized at trial, or in other proceedings before the District Judge, is not subject to this order, unless approved by the District Judge.

# EXHIBIT A

# Exhibit A

1. I, _____, have read the foregoing Protective Order governing treatment of Confidential Information, dated _____, 2010, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Protective Order.

2. I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY other than as set forth in the Protective Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me except in accordance with the Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order.

4. I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of the action identified as Case No. CV 09-91___-CAS (VBK) pending in the United States District Court for the Central District of California, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Dated this the ___ day of _____, 20__    By: _____
                                                 [*Signature*]

                                            _____
                                            [*Printed Name*]

Alston & Bird LLP